UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL BARRY DAIGLE** | **CIVIL ACTION** |
| **v.** | **NO.** |
| **LOUISIANA CVS PHARMACY, LLC** | |
| | **JUDGE:** |
| | **MAGISTRATE:** |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come Defendant, Louisiana CVS Pharmacy, LLC ("Louisiana CVS") who removes the action entitled "*Michael Barry Daigle v. Louisiana CVS Pharmacy*," Docket No. 2021-004846 from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.* In support of this Notice of Removal, Defendant states as follows:

1.

Plaintiff, Michael Barry Daigle, instituted the above-entitled action in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana on or about November 17, 2021. Attached hereto as **Exhibit A** is a complete copy of the entire suit record currently filed in the 14th Judicial District Court for the Parish of Calcasieu, of which currently the Petition for Damages is the only pleading.

2.

The Petition for Damages and Citation issued by the 14th Judicial District Court were served upon Defendant's registered agent for service of process, CT Corporation System, on January 7, 2021. See **Exhibit A,** page 10.

3.

This Notice of Removal was filed the 1st day of February 2022, which is within thirty (30) days of Defendant's receipt of the Petition for Damages on January 7, 2021, and as such, under 28 U.S.C. § 1446(b), this Notice of Removal is timely.

4.

For the reasons set forth below, this Court has subject matter jurisdiction over this action, which is removable pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*

## DIVERSITY OF CITIZENSHIP

5.

As alleged in his Petition for Damages, Plaintiff is domiciled in Calcasieu Parish, Louisiana.  He is, therefore, a citizen of the state of Louisiana.[1]

6.

Defendant, Louisiana CVS Pharmacy, LLC, is a limited liability company organized under the laws of the State of Louisiana.

7.

The citizenship of a limited liability company is determined by the citizenship of its members.[2]  The sole member of Louisiana CVS Pharmacy, LLC is CVS Pharmacy, Inc., which is

---

[1] *See* **Exhibit A,** Petition for Damages, page 1 of Petition, introductory preamble.

[2] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015 (1990).

a Rhode Island corporation with its principal place of business in Rhode Island. Pursuant to 28 U.S.C. § 1332, a "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." Therefore, CVS is a citizen of Rhode Island.

8.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, *et seq.*, due to the fact that there is complete diversity of citizenship of all parties in this case.

**AMOUNT IN CONTROVERSY**

9.

Although Defendant denies any liability, the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.

In the Petition for Damages, Plaintiff claims entitlement to damages to compensate him for injuries sustained in "striking his left shoulder and left pelvic area, and the fall caused petitioner serious injuries to his head, neck, shoulders, back and legs, hips, and causing headaches, dizziness, and bruising from which he has suffered and will continue to suffer greatly, and for which he is entitled to recover damages as are found reasonable in the premises, including, but not limited to past, present and future physical pain, suffering, mental anguish, loss of enjoyment of life; **disability**; past, present, and future medical expenses, and rehabilitation."[3] Plaintiff's allegations of "disability" tend to show sufficient damages to support diversity jurisdiction.

---

[3] *See* **Exhibit A,** Petition for Damages, ¶4.

11.

Plaintiff also alleges that he was "taken by ambulance" for medical treatment for "a left shoulder humeral fracture and left acetabular fracture of [his] pelvis hip joint."[4]

12.

In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), the plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. She also made damage claims for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." The Fifth Circuit found that "the district court did not err in denying Plaintiff's motion to remand. Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000."

13.

Similarly, in *Thomas v. Rain CII Carbon, LLC*, No. CV 17-6097, 2018 WL 2149225, at *3 (E.D. La. May 10, 2018), the plaintiff sought damages for "medical expenses, physical and mental pain and suffering, loss of wages and earning capacity, and permanent disability." Although the petition did not specify what the damage amounts could be, the United States District Court for the Eastern District of Louisiana held that it was facially apparent in the petition that the damages sought or incurred were likely above $75,000.00.

14.

In further support of the amount of controversy meeting the requisite threshold provided in 28 U.S.C. §1332, Plaintiff has refused to stipulate prior to removal that her claims do not exceed

---

[4] *See* **Exhibit A,** Suit Record, Petition for Damages, ¶5.

$75,000.00. A plaintiff's refusal to stipulate to damages being less than $75,000.00 is a factor in determining whether removal is proper.[5]

15.

In sum, Plaintiff's damages facially exceed the jurisdictional amount in controversy. As such, Defendant (although specifically denying any liability for the damages alleged in the Petition for Damages) submits it is facially apparent from the Petition that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

**OTHER MATTERS**

16.

Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court as the 15th Judicial District Court for the Parish of Calcasieu, where the state action is pending, is located within this judicial district.

17.

In accordance with the provisions of 28 U.S.C. § 1446(a), Defendant attaches as **Exhibit A** to this Notice of Removal a copy of all process, pleadings, and orders served upon Defendant in *Michael Barry Daigle v. Louisiana CVS Pharmacy*," Docket No. 2021-004846 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

---

[5] *Weeden v. PSC Indus. Outsourcing, LP*, CV 19-18-BAJ-EWD, 2019 WL 4023755, at *5 (M.D. La. Aug. 7, 2019), report and recommendation adopted, CV 19-00018-BAJ-EWD, 2019 WL 4023181 (M.D. La. Aug. 26, 2019); *Jacobs v. Fred's Super Dollar Store*, CIV.A. 15-00234-RAJ, 2015 WL 4543060, at *4 (M.D. La. July 27, 2015); *B Dubs, LLC v. Scottsdale Ins. Co.*, CIV.A. 15-65-JWD-RLB, 2015 WL 3651014, at *6 (M.D. La. June 11, 2015).

4892-1247-3866 v1

18.

Under 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be filed with the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.[6]

19.

Defendant hereby reserves any and all rights to assert, as defenses to the Petition for Damages, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure, as well as all other jurisdictional, procedural, and venue defenses to the merits of the action.

20.

Defendant requests a trial by jury on all issues.

WHEREFORE, Defendant Louisiana CVS Pharmacy, LLC respectfully submits this Notice of Removal of the state court action to this Court and respectfully request that this Court hereby remove the action now pending against it in the 14th Judicial District Court for the Parish of Calcasieu to the United States District Court for the Western District of Louisiana.

    Respectfully submitted,

    /s/ Ross F. Roubion
    Vance A. Gibbs (#1375)
    Vance.gibbs@keanmiller.com
    Katie D. Bell T.A. (#29831)
    Katie.Bell@keanmiller.com
    **Kean Miller LLP**
    Post Office Box 3513 (70821)
    400 Convention Street, Suite 700
    Baton Rouge, Louisiana 70802
    Telephone: (225) 387-0999
    Facsimile: (225) 388-9133

---

[6] *See* **Exhibit B,** Notice of Filing of Notice of Removal, 14th Judicial District Court for the Parish of Calcasieu.

4892-1247-3866 v1

        AND

Ross F. Roubion (#35989)
ross.roubion@keanmiller.com
**Kean Miller LLP**
600 Calcasieu St., Suite 1101
Lafayette, LA 70501
Telephone: (337) 235-2232
Facsimile: (337) 422-3687
*Counsel for Louisiana CVS Pharmacy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 1st day of February, 2022.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

    /s/ Ross F. Roubion